IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Vicki Glenn, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 7991 |
| Asset Acceptance, LLC, a Delaware limited liability company, | ) ) ) ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Vicki Glenn, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Vicki Glenn ("Glenn"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a World Financial Network National Bank store credit card ("WFNNB"), despite the fact that she was represented by the legal aid attorneys at the Chicago Legal

Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Asset operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Asset is a bad debt buyer that specializes in buying up large portfolios of delinquent consumer debts for pennies on the dollar.

6. Defendant Asset is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Asset conducts extensive business in Illinois.

7. Moreover, Defendant Asset is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Asset acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

8. Ms. Glenn is a disabled woman, with limited assets and income, who fell behind on paying her bills, including one she allegedly owed for a WFNNB store credit card. At some point in time after that debt became delinquent, Asset bought/acquired

that debt and when Asset began trying to collect the WFNNB debt from Ms. Glenn, by sending her a collection letter dated July 17, 2009, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Asset's collection actions. A copy of Defendant Asset's collection letter is attached as Exhibit C.

9. Accordingly, on September 3, 2009, one of Ms. Glenn's attorneys at LASPD informed Asset, in writing, that Ms. Glenn was represented by counsel, and directed Asset to cease contacting her, and to cease all further collection activities because Ms. Glenn was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

10. Nonetheless, Defendant Asset sent Ms. Glenn a collection letter, dated August 31, 2012, which demanded payment of the World Financial Network National Bank debt. A copy of this collection letter is attached as Exhibit E.

11. Accordingly, on September 30, 2012, one of Ms. Glenn's LASPD attorneys had again to write to Defendant Asset again to demand that it cease communications and cease collection of the World Financial Network National Bank debt. Copies of this letter and fax confirmation are attached as Exhibit F.

12. Defendant Asset's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant Asset's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

3

**COUNT I
Violation Of § 1692c(c) Of The FDCPA --
Failure To Cease Communications And Cease Collections**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. Glenn's, agent/attorney, LASPD, told Defendant Asset to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Asset violated § 1692c(c) of the FDCPA.

17. Defendant Asset's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II
Violation Of § 1692c(a)(2) Of The FDCPA --
Communicating With A Consumer Represented By Counsel**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant Asset knew that Ms. Glenn was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in

writing (Exhibit D), that she was represented by counsel, and had directed Defendant Asset to cease directly communicating with her. By directly sending Ms. Glenn the August 31, 2012 letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Asset violated § 1692c(a)(2) of the FDCPA.

21.    Defendant Asset's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Vicki Glenn, prays that this Court:

1.    Find that Defendant Asset's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Glenn, and against Defendant Asset, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Vicki Glenn, demands trial by jury.

Vicki Glenn,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: October 5, 2012

writing (Exhibit D), that she was represented by counsel, and had directed Defendant Asset to cease directly communicating with her. By directly sending Ms. Glenn the August 31, 2012 letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Asset violated § 1692c(a)(2) of the FDCPA.

21.    Defendant Asset's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Vicki Glenn, prays that this Court:

1.    Find that Defendant Asset's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Glenn, and against Defendant Asset, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Vicki Glenn, demands trial by jury.

Vicki Glenn,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: October 5, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com